**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERNEST JACOBS, DAVID LEE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  23-959** |
| | : | |
| **LIBERTY MUTUAL PERSONAL** | : | |
| **INSURANCE COMPANY** | : | |

# <u>ORDER</u>

**AND NOW**, this 22nd day of April 2024, upon considering defendant's motion for summary judgment (DI 26), plaintiffs' opposition (DI 27), and defendant's reply (DI 28), it is

**ORDERED**:

1.    Defendant's motion for summary judgment (DI 26) is **DENIED**.[1]

2.    We will hold a case management videoconference over Microsoft Teams on **May 17, 2024** at **2:00P.M.** and will send a videoconference link by e-mail to all counsel of record.

All parties shall be prepared to discuss setting a date certain for trial.

**MURPHY, J.**

---

[1] This case arose from an alleged hit-and-run car accident.  DI 26 ¶1; 27 at 1.  There are two versions of the story.  Plaintiffs' version is that Mr. Jacobs was driving and Mr. Lee was his passenger.  DI 27-3 at 2.  They say that a white car turned left in front of them and struck Mr. Jacobs's front driver's side bumper and then fled the scene.  *Id.*  Liberty Mutual's version is that the car actually struck some stationary object, and plaintiffs made up the story about the hit-and-run, only going to file a police report three days later.  DI 26-16 at 5-7.  Liberty Mutual has fair reasons to accuse plaintiffs of fraud, given the lack of a timely police report, vehicle data inconsistent with plaintiffs' account, and an expert who is prepared to testify the damage was not caused by a moving vehicle.  *Id.*  But on summary judgment we are required to accept plaintiffs' version of the story, and this is not a case so extremely one-sided where we may disregard plaintiffs' self-interested testimony.  *See Mervilus v. Union County*, 73 F.4th 185, 193 (3d Cir. 2023).  Hence we will deny Liberty Mutual's motion for summary judgment on plaintiffs' breach of contract claims.  Plaintiffs also allege statutory bad faith, which was a close call when we

denied the motion to dismiss and is still a close call.  DI 20.  However we see a thread of evidence that could support a jury's finding of bad faith: on plaintiffs' record, Liberty Mutual withheld certain material information from its expert, and then withheld the expert's report from plaintiffs' counsel while seeking additional statements from the plaintiffs.  DI 27-3 at 9-22.  For those reasons, we will deny summary judgment on the statutory bad faith claims as well.